## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **WILLIAM KIBBEY STOVALL,** § | |
| § | |
|     **Plaintiff** § | |
| § | |
| **v.** § | **CIVIL ACTION NO. _____** |
| § | |
| **RAYTHEON COMPANY, a/k/a** § | |
| **RAYTHEON TECHNOLOGIES,** § | |
| § | |
|     **Defendant** § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, William Kibbey Stovall, ("Stovall" or "Plaintiff"), and files this his Complaint, complaining of Raytheon Company, a/k/a Raytheon Technologies ("Defendant" or "Raytheon") and for cause of action would respectfully show the Court as follows:

## PARTIES

1. Plaintiff is an individual currently residing in McKinney, Collin County, Texas.

2. Raytheon Company is a Foreign For-profit Corporation with its principal place of business located in Arlington, Virginia.  Defendant does business in the state of Texas and the events made the basis of this Complaint occurred in Texas.  Defendant may be served by serving CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## NATURE OF ACTION, VENUE, AND JURISDICTION

3. This is an action for actual, liquidated and compensatory damages and other legal and equitable relief to secure the rights and redress the injuries of the Plaintiff under the laws of the United States of America and State of Texas based on the actions of Defendants in committing

unlawful acts of discrimination and retaliation in violation of §§ 21.051 and 21.055 of the Texas Labor Code, and the Age Discrimination in Employment Act of 1967, as amended.

4.  Venue is proper under 28 U.S.C. §1391 as the unlawful acts complained of occurred in whole or in part in the Eastern District of Texas, which includes Collin County, Texas.

5.  This Court has jurisdiction over this action pursuant to 29 U.S.C. §623, et seq. and 28 U.S.C. § 1331. Plaintiff has satisfied conditions precedent to filing this suit.

## FACTS

6.  Stovall is currently a 55-year-old man who was fired by Defendant in May of 2022 after more than twenty-six years of experience working for Defendant. Stovall, who holds a Ph.D. in Chemistry from the University of California, Los Angeles (UCLA), began his employment with Defendant in December of 1995 when he was hired as a multi-disciplined engineer in the Materials and Processes (M&P) department of the Hughes Aircraft Company in El Segundo, California. Raytheon acquired Hughes Aircraft Company in 1997 and subsequently merged with United Technologies to form the current Raytheon Technologies in 2020. Stovall was hired at the engineering salary grade E04 and was promoted twice, to E05 in 1998 and to E06 in 2007. At the time of his termination, he was an E06 level Senior Principal Multi-Disciplined Engineer making $196,417.00 per year plus bonuses and benefits. There were tasks that Stovall performed that no other employee of Defendant was qualified to perform at the McKinney location.

7.  In late 2018, Stovall's request to transfer to Defendant's facility in McKinney, TX (Collin County) was approved as a lateral move by the Department Head over both the El Segundo and McKinney M&P sections, Keith Kirchner. The McKinney M&P section needed someone with Stovall's experience and specialized knowledge to help the McKinney factory overcome relevant

problems.  The transfer relocation costs were fully paid by Defendant and Stovall joined the McKinney M&P Section full time in February of 2019.  In early 2020, while Stovall was employed by Defendant in Collin County, the McKinney M&P Section was reorganized to report to a different department, led by a recently promoted Asian male, Brandon Yamauchi.  Stovall noticed that he had ageist characteristics and appeared to favor younger workers while having a difficult time dealing with older workers.

8. Stovall's abrupt termination on May 19, 2022 was done without explanation beyond a statement that he had violated Raytheon's sexual harassment policies, and was done in person by the Department Manager, Yamauchi, with corporate Human Resources officer Matt Bauer joining by teleconference  The incident which had started the investigation leading to the termination occurred on April 1, 2022, when a young, openly gay male co-worker accused Stovall of sexual harassment because Stovall had lightly tapped his buttocks with a cafeteria tray to get his attention to say a friendly "hello".

9. Stovall was shocked by the false allegations against him.  He believed that the employee and he were on friendly terms, and there had never been any statements or behaviors to suggest the possibility of sexual attraction between them.  Neither had the employee ever expressed any discomfort to Stovall, regarding feeling harassed by Stovall prior to that moment.  In fact, Stovall had been aware since 2019 that this employee was openly gay in what Stovall knew was a traditionally male-dominated industry in a more traditional local culture and Stovall had made a conscious effort to both treat him as he would any other younger employee.

10. It became known within days of the April 1 incident that the complaining employee had formally given notice of leaving Raytheon to accept a job at another local aerospace company.

This means that at the time of the incident he had already decided to leave Raytheon and had likely been actively seeking other employment for many weeks.

11.     The sole telecom interview performed by Raytheon's internal Employee Relations representative with Stovall in mid-April 2022 suggested to him that the other coworker present with the complaining employee during the April 1 cafeteria incident had also made false claims of long-term sexual harassment against Stovall.  Raytheon's response to Stovall's EEOC complaint confirmed this.  This second employee was a young woman in Stovall's section who had recently become good friends with the original complainant.  She had worked with Stovall since 2020 and had never expressed any discomfort around Stovall, to the point of coming to Stovall's house twice to choose spare household goods Stovall and his wife were offering to the younger members of Stovall's section (Stovall even helped her move a truckload of her chosen items into her apartment before promptly leaving).  Raytheon's EEOC response only provided direct harassment claims from these two individuals, the disgruntled gay complainant and his female good friend.  The few other character complaints listed therein are either hearsay from these same two accusers (e.g. complainant claims to have heard another employee complain about Stovall) or non-specific generic complaints by unnamed co-workers.

12.     The department manager fired Stovall on May 19, 2022, without following Defendant's normal policies for re-training and without giving him any warning or opportunity to show improvement against alleged bad behaviors.  At the time of his firing no explanations for what justified the decision for termination were provided, even though they were asked for by the Plaintiff.  The later EEOC response claims the termination was justified because Yamauchi didn't believe Stovall had any remorse for his actions (clearly proving how the "investigators" and

Yamauchi begged the question of his guilt from the beginning) completely ignoring Stovall's documented and immediate email response on April 1 to express his personal sorrow that the young man felt as he did for what Stovall absolutely did not intend to cause. Similarly, the so-called "investigation" and evaluation by Yamauchi and Human Resources appeared to always accept the accuser's versions of events were true and that any reasonable person would agree with the accusers' feelings. Although Stovall pointed out the false and misleading characterization of events as sexually harassing as alleged by the two complaining employees, the company chose to ignore its own employee training on how to recognize harassing behavior.

13. The Department manager and Defendant consistently treated younger workers more favorably than older workers. Examples of this involved Sophia Ho, Michael Hiefner, Bianca Avila, and Megan Bolf, all recent college graduates. The section manager who had replaced Krause in 2021, Kelly Lucy, was especially protective and deferential to Jonathan Giddens, a non-degreed tech in his early 20's she repeatedly gave responsibility for engineering level tasks completely outside his professional training and experience and she continually ignored warnings by Krause and Stovall that Giddens was unqualified and making potentially dangerous decisions. Both the Department and Section managers favored the younger workers when issues arose concerning their behavior, when assignments were being given or when credit for good work was being given.

14. Stovall's position was not replaced in its entirety but was divided into multiple individual tasks with some tasks assigned to existing younger co-workers, some assigned to a new younger female staff person and some high-level, specialized functions no longer being conducted by the department.

15. Yamauchi himself was later demoted for unprofessional conduct and moved out of the department but was allowed by Raytheon to retain his salary and benefits as well as continuing to work for Raytheon without any disruption in his employment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. On or about September 17, 2022, Stovall filed a charge of discrimination on the basis of age jointly with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWCCRD"). On April 6, 2023, a Determination and Notice of Rights was issued by the EEOC. Stovall has timely presented this action, and all administrative prerequisites have been fulfilled prior to the filing of this lawsuit.

## CAUSE OF ACTION

15. Plaintiff incorporates the foregoing and succeeding paragraph by reference herein. At all times herein relevant, Defendant was an "employer" of Plaintiff, and Plaintiff was an "employee" of Defendant, as those terms are defined in the Texas Commission on Human Rights Act codified at TEX. LABOR CODE ANN. § 21.001, et seq. (Vernon Sup. 1994), and the Age Discrimination in Employment Act of 1967, as amended. Defendant engaged in practices toward Plaintiff which intentionally discriminated and retaliated against him on the basis of his age, including but not limited to, the discriminatory acts described herein. Additionally, Defendant's actions were committed with malice and reckless indifference to Plaintiff's rights under the Texas Commission on Human Rights Act, § 21.051, and were willful actions under the Age Discrimination in Employment Act of 1967, as amended. Plaintiff incorporates the foregoing and succeeding paragraphs by reference herein. Defendant willfully violated the law.

16.     Plaintiff incorporates the foregoing paragraphs by reference herein.  As a result of the Defendants' willful acts and practices, as set out herein, Plaintiff has suffered, is now suffering, and will continue to suffer mental pain and anguish, lost income and benefits and diminished earning capacity and is entitled to recover past and future damages, actual, compensatory and liquidated as provided by law, resulting from such acts.  Plaintiff is also entitled to recover his reasonable attorney's fees and taxable costs of court from Defendant.

## JURY DEMAND

17.     Plaintiff hereby demands trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that Defendant be cited to appear and answer herein and that upon final hearing, Plaintiff have judgment as follows:

(a)     That Plaintiff be reinstated to the position he held at the time of his termination, with full backpay and benefits;

(b)     Damages for the intentional, willful, malicious and/or recklessly indifferent discriminatory and retaliatory conduct of Defendant;

(c)     That this Court award against Defendant and in favor of Plaintiff actual damages for loss of revenue including back-pay, fringe benefits, and benefit adjustments;

(d)     That this Court award against Defendant and in favor of Plaintiff liquidated, compensatory and punitive damages in an amount to be proved at trial;

(e)     That this Court retain jurisdiction over this action until the Defendant has fully complied with all orders of this Court as may be issued herein;

(f)     That this Court award Plaintiff all costs of this action, together with reasonable attorney's fees and expert fees as provided by law;

(g)     That this Court award Plaintiff pre-judgment and post-judgment interest as authorized by law;

(h)     That this Court grant Plaintiff additional equitable and legal relief as the Court deems just and proper under the circumstances;

(i)     That Plaintiff be granted a trial by jury as to all issues so triable; and

(j)     That Plaintiff be awarded such other and further relief, either at law or in equity, to which he may be justly entitled.

Respectfully submitted,

/s/ David Fielding
State Bar No. 06974500

A Member of the Firm of:
David Fielding, pc.
Mallick Tower, Suite 1010
101 Summit Ave.
Fort Worth, Texas 76112
(817) 996-8673 Telephone
(682) 250-7109 Facsimile
Email: dfielding@filedingpc.com

ATTORNEYS FOR PLAINTIFF
WILLIAM KIBBEY STOVALL