# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WILLIAM KIBBEY STOVALL, §<br>　　*Plaintiffs*, §<br>　　　　　　　　　　　　§<br>vs. §<br>　　　　　　　　　　　　§<br>RAYTHEON COMPANY, a/k/a §<br>RAYTHEON TECHNOLOGIES, §<br>　　*Defendant*. §<br>　　　　　　　　　　　　§ | Civil Action No. 4:23-CV-00629<br>Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Raytheon Company's Motion to Dismiss (Dkt. #4). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

Plaintiff William Stovall (Stovall) alleges that Defendant Raytheon Company (Raytheon) intentionally discriminated and retaliated against him because of his age (Dkt. #1 ¶ 15). Raytheon disagrees. Raytheon contends it terminated Stovall because of his inappropriate conduct that violated its Discrimination and Harassment Prevention Policy (Dkt. #4 at p. 6).

Stovall filed his complaint on July 5, 2023 (Dkt. #1). Raytheon filed its Motion to Dismiss on September 18, 2023 (Dkt. #4), arguing Stovall failed to plead sufficient facts in support of his age discrimination claim. On October 24, 2023, Stovall filed his response (Dkt. #7) and Raytheon filed its reply on November 11, 2023 (Dkt. #14).

### LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

      A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine whether the complaint states a claim for relief that is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

      In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the relevant pleadings and the arguments contained in the briefing, the Court finds that Stovall has stated plausible claims for relief for the purposes of defeating a Rule 12(b)(6) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant Raytheon Company's Motion to Dismiss (Dkt. #4) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 16th day of September, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

3