# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WILLIAM KIBBEY STOVALL, § § § *Plaintiff,* § § v. § § RAYTHEON COMPANY, a/k/a § RAYTHEON TECHNOLOGIES, § § *Defendant.* § § | Civil Action No. 4:23-CV-629 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Raytheon Company's Motion for Summary Judgment and Brief in Support (Dkt. #20) as well as Defendant's Corrected Motion to Strike Portions of the Affidavit of Willaim Kibbey Stovall (Dkt. #36). Having considered the relevant arguments, pleadings, and caselaw, the Court finds that Raytheon Company's Motion for Summary Judgment and Brief in Support should be **DENIED** and Defendant's Motion to Strike Portions of the Affidavit of William Kibbey Stovall should be **DENIED as moot**.

## BACKGROUND

On March 4, 2024, Raytheon Company ("Raytheon") filed its Motion for Summary Judgment (Dkt. #20) and Plaintiff filed a response on March 25, 2024 (Dkt. #24). On April 5, 2024, Defendant filed its reply (Dkt. #27). On August 28, 2024, Raytheon filed its Motion to Strike Portions of the Affidavit of William Kibbey Stovall (Dkt. #35). On September 3, 2024, Raytheon

filed its Corrected Motion to Strike Portions of the Affidavit of William Kibbey Stovall (Dkt. #36). Plaintiff did not respond.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News,*

*Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

After careful review of the record and the arguments, the Court is not convinced that Raytheon has met its burden demonstrating that there is no material issue of fact as to Plaintiff's claims entitling Raytheon to judgment as a matter of law.[1]

## CONCLUSION

It is therefore **ORDERED** that Raytheon Company's Motion for Summary Judgment and Brief in Support (Dkt. #20) is **DENIED.**

---

[1] The Court recognizes that Plaintiff failed to provide the requisite response to Raytheon's Statement of Issues and Statement of Undisputed Material Facts as required by the Local Rules. *See* Local Rules CV-7, CV-56. Further, Plaintiff did not provide a citation to the record within its response (*See* Dkt. #24). Nonetheless, at the summary judgment stage, the Court must consider all of the evidence in the record to determine whether there is a dispute as to any material fact and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citations omitted). The Court directs Plaintiff's counsel to carefully review the Local Rules.

It is further **ORDERED** that Defendant's Corrected Motion to Strike Portions of the Affidavit of William Kibbey Stovall (Dkt. #36) is **DENIED as moot**.

**IT IS SO ORDERED.**

**SIGNED this 19th day of November, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE